1  LEONARDO M. RAPADAS
   United States Attorney
2  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
3  Sirena Plaza Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   Telephone: (671) 472-7332
5  Telecopier: (671) 472-7334

6  Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 08-00008 |
|---|---|
| Plaintiff, | ) UNITED STATES' SUPPLEMENTAL ) FILING IN OPPOSITION TO THE |
| vs. | ) MOTION FOR THE RETURN OF ) SEIZED PROPERTY AND THE |
| SONG JA CHA, and IN HAN CHA, | ) SUPPRESSION OF EVIDENCE ) |
| Defendants. | ) |

Comes now the plaintiff, United States of America, by and through its undersigned attorney, and provides supplemental cases in opposition to defendants In Han Cha and Song Ja Cha's Motion for the Return of Seized Property and the Suppression of Evidence.

Defendant Cha requests for return of the property pursuant to 41(e). However, a forfeiture count is included in the Indictment. In <u>U.S. v. Dote</u>, 150 F. Supp. 2d 935, 943 (2001) a defendant disagreed that money seized was subject to forfeiture. The Court held "The indictment property alleges an amount, and it is now the government's burden to prove it at trial. This is manifestly a **question of fact**, properly left to the jury, not something we can resolve on the pleadings." (Emphasis added). Like in <u>Dote</u>, the issue of whether the U.S. Currency seized from the Blue House should be forfeited is a question of fact properly left to the jury.

Defendant Cha asks this Court to return the property because Asia Pacific has an interest in the property and the property is not traceable to criminal conduct. In <u>U.S. v. Chan</u>, 2006 WL

1

224389 (Jan. 27, 2006), defendant and his parents were charged with money laundering and with using illegal proceeds as part of a down payment on a home. Defendant moved to dismiss the forfeiture count because his parents (who he claimed owned the home subject to a forfeiture count) were unaware that tainted money was used to make the mortgage payments. The court held "More significantly, determining Luong's parents' state of mind with regard to their son's alleged criminal activity is a **factual question**, as are all of the questions raised by Chan. **Such questions should not be determined by the court at this stage in the case**. In United States v. Harry, 831 F.Supp. 679 (N.D. Iowa 1994), the court dismissed a count of criminal forfeiture *after* one defendant pled guilty, another had been convicted by a jury, and both defendants had improperly consented to forfeiture of another's property. This court, by contrast, is being asked to dismiss counts of criminal forfeiture **before guilt** on the underlying offenses has been determined. See Dote, 150 F. Supp. 2d at 943." (Emphasis added). The Court denied the motion to return property because guilt had not yet been determined. Such is the case here. Defendant's motion should be denied until completion of the trial in this matter.

Even if the court were to determine there is an absence of probable cause, a lack of probable cause would not end the forfeiture proceedings. "Even when the initial seizure is found to be illegal, the seized property can still be forfeited." U.S. v. One 1974 Learjet, 191 F.3d 668 (1999). "Absence of probable cause at the time of the seizure may result in the suppression of evidence in later proceedings, but the defendant property itself cannot be suppressed from the forfeiture action. In contrast, a failure to establish probable cause on the forfeiture issue will preclude forfeiture of the property altogether. ... After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e),

//
//
//
//
//

2

but instead must submit to the statutory procedures governing civil forfeiture proceedings." Id, at 674. A defendant may not use a 41(e) motion to dismiss the forfeiture count of the indictment.

Respectfully submitted this 16th day of May, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney