ORIGINAL
**FILED**
DISTRICT COURT OF GUAM
JUL 23 2008
JEANNE G. QUINATA
Clerk of Court

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

GRACE CHUNG BECKER
Acting Assistant Attorney General
U.S. Department of Justice
Civil Rights Division
Criminal Section
JARED FISHMAN
Trial Attorney
601 D Street, NW
Washington, D.C. 20530
Telephone: (202) 514-3204

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> SONG JA CHA, and <br> IN HAN CHA, <br> Defendants. | CRIMINAL CASE NO. 08-00008 <br> **SUPERSEDING INDICTMENT** <br> **CONSPIRACY** <br> [18 U.S.C. § 371] <br> (Count I) <br> **SEX TRAFFICKING** <br> [18 U.S.C. §§ 1591, 1594 & 2] <br> (Counts II through X) <br> **COERCION & ENTICEMENT TO TRAVEL FOR PURPOSE OF PROSTITUTION** <br> [18 U.S.C. §§ 2422 & 2] <br> (Counts XI through XX) <br> **FORFEITURE ALLEGATION** <br> [18 U.S.C. § 1594(b)] <br> (Count XXI) |

THE GRAND JURY CHARGES:

## COUNT I - <u>CONSPIRACY TO COMMIT SEX TRAFFICKING & FOREIGN TRANSPORTATION FOR PROSTITUTION</u>

<u>Introductory Allegations</u>

1. At all times relevant to this Indictment, SONG JA CHA and IN HAN CHA, defendants, husband and wife, were the owners and operators of a business identified as the "Blue House," located in Tamuning, Guam. SONG JA CHA and IN HAN CHA owned, operated, managed and controlled the "Blue House." Although licensed as a retail business for the sale of food and sodas, SONG JA CHA and IN HAN CHA operated the "Blue House" as a commercial sex house.

2. Defendants SONG JA CHA and IN HAN CHA employed other employees, both known and unknown to the grand jury, who acted as enforcers and recruiters, both on the island of Chuuk and in the District of Guam.

3. At all times relevant to this Indictment, prostitution is illegal in the District of Guam, pursuant to 9 Guam Code Annotated 28.30(a)(1).

4. At all times relevant to this Indictment, the Compact of Free Association permits Chuukese Nationals from the Federated States of Micronesia to travel and work in the United States and its Territories, and D.R., So.S, Si.S, E.N., M.C., L.P., K.C., A.T., N.T., and Arn. T., were all Chuukese nationals and citizens from the Federated States of Micronesia.

<u>The Scheme</u>

5. Beginning in or about 2004, SONG JA CHA and IN HAN CHA, the defendants, together with others known and unknown to the Grand Jury, began operating an illegal commercial sex house at the "Blue House." To further this scheme, the defendants, co-conspirators, and others: a) fraudulently misrepresented to D.R., So.S., Si.S., E.N. M.C., L.P., K.C., A.T., N.T., Arn. T., and others that they would be employed in paid, lawful jobs; (b) misrepresented that the "Blue House" was a lawful business enterprise; (c) misrepresented that SONG JA CHA and IN HAN CHA, as employers, would send the victims' earned income to

2

their family members; (d) misrepresented to D.R., So.S., Si.S., E.N. M.C., L.P., K.C., A.T., N.T., and Arn. T., and others that they would be paid a fair and legal wage for their work at the "Blue House," (e) induced, persuaded, enticed and coerced D.R., So.S., Si.S., E.N. M.C., L.P., K.C., A.T., N.T., Arn. T., and others ("Victims") to travel from Chuuk, Federated States of Micronesia ("FSM") to the District of Guam; and f) used force, fraud, and coercion to compel D.R., Si.S., E.N. M.C., L.P., K.C., A.T., N.T., Arn. T., and others to engage in acts of prostitution.

### The Conspiracy

6. From in or about February 2004, continuing to on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, intentionally, and knowingly did conspire, confederate and agree, together and with each other, to commit offenses against the United States, to wit, to commit sex trafficking in violation of Title 18, United States Code, Sections 1591, 1594, and 2; and to commit interstate and foreign transportation of persons for purposes of prostitution in violation of Title 18, United States Code, Sections 2422 and 2.

7. It was a part and object of the conspiracy that SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided and obtained by any means the Victims, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Section 1591, would be used to cause the Victims to engage in such acts, and knowing that A.T. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591.

8. It was further a part and object of the conspiracy that SONG JA CHA and IN HAN CHA, the defendants and their co-conspirators, knowingly persuaded, induced, enticed and coerced individuals, to wit: D.R., So.S., Si.S., E.N. M.C., L.P., K.C., A.T., N.T., Arn. T., and others, to travel in interstate and foreign commerce, and in any Territory and Possession of the

3

United States, with the intent that such individuals engage in prostitution and in sexual activity for which those individuals may be charged with a criminal offense, and using the mail and any facility and means of interstate and foreign commerce, and within the special maritime and territorial jurisdiction of the United States, knowingly persuaded, induced, enticed and coerced A.T., an individual who had not attained the age of 18 years, to engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60, in violation of Title 18, United States Code, Sections 2422 and 2.

### Means and Method of the Conspiracy

9. Among the means and methods by which SONG JA CHA and IN HAN CHA, the defendants, together with others known and unknown to the Grand Jury, would and did carry out the conspiracy, were the following:

a. SONG JA CHA, the defendant, and her co-conspirators, made false promises to the Victims, to wit: that they would be lawfully employed at the "Blue House" as waitresses or store clerks; that they would receive regular money payments for their work; and that the employers would pay for their transportation, passports, housing, and food.

b. SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators, arranged to the acquisition of FSM passports and airline tickets, so that the Victims could travel to Guam.

c. SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators, arranged to transfer money from the District of Guam to recruiters on the island of Chuuk.

d. SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators, arranged that the Victims would be picked up upon arriving in Guam and transported to the "Blue House."

e. SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators, caused the Victims to engage in acts of prostitution in the District of Guam, by using force, fraud, and coercion, to wit: threats of physical, economic, legal, and emotional harm; physical battery;

4

abuse of legal process; confiscation of passports; withholding food; manipulation of debts; forced injections of birth control; verbal abuse; close supervision; monitoring communications; and isolation.

  f. SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators benefitted financially, and by receiving anything of value, from participating in the venture.

  g. SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators, caused the Victims to continue their services as prostitutes in the District of Guam, by using force, fraud, and coercion, to wit: threats of physical, economic, legal, and emotional harm; physical battery; abuse of legal process; confiscation of passports; withholding food; manipulation of debts; forced injections of birth control; verbal abuse; close supervision; monitoring communications; and isolation.

## Overt Acts

  10. In furtherance of the conspiracy and to effect the objects thereof, the conspirators committed and caused to be committed the following overt acts, among others, within the District of Guam and elsewhere:

  a. Beginning in or about 2004, Defendants SONG JA CHA and IN HAN CHA, and others known and unknown to the Grand Jury, opened the "Blue House," and operated the "Blue House" as a commercial sex house.

  b. In or about February 2004, Defendant SONG JA CHA, and others known and unknown to the Grand Jury, traveled to Chuuk with the intention of locating and recruiting young women who could be brought to the District of Guam, to work for the Blue House.

  c. From in or about February 2004 through on or about January 14, 2008, SONG JA CHA, the defendant, and her co-conspirators, through unnamed co-actors and co-conspirators, made materially false and misleading statements to the Victims and others known and unknown regarding the availability of lawful jobs with SONG JA CHA and IN HAN CHA in the District of Guam.

5

d. On or about February 12, 2004, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced Arn. T. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; and by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam.

e. On or about April 1, 2006, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators, induced A.T., an individual who had not attained the age of eighteen, to travel in interstate and foreign commerce, using the telephone, wire transfers, and other facilities and means of interstate and foreign commerce, by making promises of a legitimate, well-paying job; by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam; and arranging for A.T. to receive an F.S.M. passport.

f. On or about May 3, 2007, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced K.C. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam; and arranging for K.C. to receive an F.S.M. passport.

g. On or about June 19, 2007, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced E.N. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; and by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam.

h. On or about October 4, 2007, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced So.S. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam; and arranging for So.S. to receive an F.S.M. passport.

i. On or about October 18, 2007, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced L.P. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; and by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam.

j. On or about October 18, 2007, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced M.C. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam; and by arranging for M.C. to receive an F.S.M. passport.

k. On or about December 11, 2007, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced D.R. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam; and by arranging for D.R. to receive an F.S.M. passport.

l. On or about December 12, 2007, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced Si.S. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam.

m. On or about December 27, 2007, SONG JA CHA and IN HAN CHA, the defendants, and their co-conspirators induced N.T. to travel in interstate and foreign commerce, by making promises of a legitimate, well-paying job; and by purchasing a ticket for travel from Chuuk, F.S.M. to the District of Guam.

n. Beginning in or about February 2004, and continuing through on or about January 14, 2008, SONG JA CHA, the defendant, and her co-conspirators, informed the Victims on their respective dates of arrival in the District of Guam that their job was "to make the customers happy," which entailed performing commercial sex acts with customers.

o. Beginning in or about February 2004 and continuing through on or about January 14, 2008, SONG JA CHA, the defendant, and her co-conspirators, repeatedly told the Victims and others that if they ran away from the Blue House, that the police would arrest them and place them in jail.

p. Beginning in or about February 2004, and continuing through on or about December 27, 2007, SONG JA CHA and IN HAN CHA, the defendants, and others known and unknown to

7

the Grand Jury, confiscated the passports of the Victims on or about their respective dates of arrival in the District of Guam.

q. Beginning in or about February 2004 and continuing through on or about January 14, 2008, SONG JA CHA, the defendant, and her co-conspirators, monitored all telephone calls made by D.R., Si.S., E.N. M.C., L.P., K.C., A.T., N.T., and Arn. T.

r. On multiple occasions between in or about February 2004 and continuing through on or about January 14, 2008, SONG JA CHA, the defendant, and her co-conspirators, yelled and verbally abused D.R., Si.S., E.N. M.C., L.P., K.C., N.T., A.T., and Arn. T., and withheld food from D.R., Si.S., E.N. M.C., L.P., K.C., N.T., and A.T., after male customers complained about their "work" performance.

s. On multiple occasions between in or about May 2007 and continuing through on or about January 14, 2008 SONG JA CHA, the defendant, and others, assaulted K.C., by slapping K.C.'s face, striking K.C., kicking K.C., pulling K.C.'s hair and dragging K.C. across broken glass.

t. On multiple occasions between on or about June 19, 2007 and continuing through in or about February 2008, SONG JA CHA assaulted E.N., by slapping E.N.'s face, striking E.N., kicking E.N., pulling E.N.'s hair and hitting E.N. with a broom handle.

u. On multiple occasions between April 2006 and continuing to on or about October 2007, SONG JA CHA assaulted A.T., by slapping A.T.'s face, striking A.T., kicking A.T., pulling A.T.'s hair and hitting A.T. with a broom handle.

v. On multiple occasions between April 2006 and continuing to on or about January 2008, SONG JA CHA, the defendant, and others known and unknown to the Grand Jury, took D.R., Si.S., E.N. M.C., L.P., K.C., N.T., and A.T., to a clinic where they were injected with birth control shots.

w. On multiple occasions between April 2006 and continuing to on or about January 2008, SONG JA CHA and IN HAN CHA, the defendants, and others known and unknown to the

8

Grand Jury, monitored the Victims using video surveillance.

x. From in or about February 2004 through on or about January 14, 2008, SONG JA CHA, the defendant, caused D.R., Si.S., E.N. M.C., L.P., K.C., A.T., N.T., and Am. T., to perform sexual acts at the Blue House through force, fraud, and coercion.

All in violation of Title 18, United States Code, Section 371.

## COUNT II - SEX TRAFFICKING

11. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through ten (10) as if fully set forth herein.

12. Beginning in or about May 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided, and obtained by any means K.C., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause K.C. to engage in such acts.

All in violation of Title 18, United States Code, Sections 1591, 1594 and 2.

## COUNT III - SEX TRAFFICKING

13. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through twelve (12) as if fully set forth herein.

14. Beginning on or about June 19, 2007, and continuing through in or about February 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided and obtained by any means E.N., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex

9

acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause E.N. to engage in such acts.

All in violation of Title 18, United States Code, Sections 1591, 1594 and 2.

## COUNT IV - SEX TRAFFICKING

15. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through fourteen (14) as if fully set forth herein.

16. Beginning on or about October 4, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided and obtained by any means So.S., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause So.S. to engage in such acts.

All in violation of Title 18, United States Code, Sections 1591, 1594, and 2.

## COUNT V - SEX TRAFFICKING

17. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through sixteen (16) as if fully set forth herein.

18. Beginning on or about October 18, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided and obtained by any means L.P., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause L.P. to engage in such acts.

10

All in violation of Title 18, United States Code, Sections 1591, 1594 and 2.

## COUNT VI - SEX TRAFFICKING

19. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through eighteen (18) as if fully set forth herein.

20. Beginning on or about October 18, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided and obtained by any means M.C., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause M.C. to engage in such acts.

All in violation of Title 18, United States Code, Sections 1591, 1594 and 2.

## COUNT VII - SEX TRAFFICKING

21. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through twenty (20) as if fully set forth herein.

22. Beginning on or about December 11, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided and obtained by any means D.R., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause D.R. to engage in such acts.

All in violation of Title 18, United States Code, Sections 1591, 1594 and 2.

11

## COUNT VIII - SEX TRAFFICKING

23. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24. Beginning on or about December 12, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided and obtained by any means Si.S., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause Si.S. to engage in such acts.

All in violation of Title 18, United States Code, Sections 1591, 1594 and 2.

## COUNT IX - SEX TRAFFICKING

25. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through twenty-four (24) as if fully set forth herein.

26. Beginning on or about December 27, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided and obtained by any means N.T., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause N.T. to engage in such acts.

All in violation of Title 18, United States Code, Sections 1591, 1594 and 2.

## COUNT X - SEX TRAFFICKING OF A MINOR

27. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs

12

one (1) through twenty-six (26) as if fully set forth herein.

28. In or about April 2006, and continuing through in or about October 2007, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully recruited, enticed, harbored, transported, provided and obtained by any means A.T., a Chuukese national, or attempted to do so, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that the person has not attained the age of 18 years and will be caused to engage in a commercial sex, and knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2), would be used to cause A.T. to engage in such acts.

All in violation of Title 18, United States Code, Sections 1591, 1594 and 2.

## COUNT XI - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

29. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30. Beginning in or about May 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, unlawfully, wilfully and knowingly, persuaded, induced, enticed, and coerced K.C. to travel in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that K.C. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

## COUNT XII - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

31. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one

13

(1) through thirty (30) as if fully set forth herein.

32. Beginning on or about June 19, 2007 and continuing through in or about February 4, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, unlawfully, wilfully and knowingly, persuaded, induced, enticed, and coerced E.N. to travel in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that E.N. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

## COUNT XIII - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

33. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through thirty-two (32) as if fully set forth herein.

34. Beginning on or about October 4, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, unlawfully, wilfully and knowingly, persuaded, induced, enticed, and coerced So.S. to travel in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that So.S. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

## COUNT XIV - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

35. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36. Beginning on or about October 18, 2007, and continuing through on or about January

14

14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, unlawfully, wilfully and knowingly, persuaded, induced, enticed, and coerced L.P. to travel in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that L.P. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

### COUNT XV - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

37. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Beginning on or about October 18, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, unlawfully, wilfully and knowingly, persuaded, induced, enticed, and coerced M.C. to travel in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that M.C. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

### COUNT XVI - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

39. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. Beginning on or about December 11, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, unlawfully, wilfully and knowingly, persuaded,

15

induced, enticed, and coerced D.R. to travel in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that D.R. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

## COUNT XVII - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

41. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through forty (40) as if fully set forth herein.

42. Beginning on or about December 12, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, unlawfully, wilfully and knowingly, persuaded, induced, enticed, and coerced Si.S. to travel in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that Si.S. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

## COUNT XVIII - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

43. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through forty-two (42) as if fully set forth herein.

44. Beginning on or about December 27, 2007, and continuing through on or about January 14, 2008, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, unlawfully, wilfully and knowingly, persuaded, induced, enticed, and coerced N.T. to travel in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that N.T. engage in prostitution and

16

in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

## COUNT XIX - COERCION AND ENTICEMENT TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

45. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. Beginning in or about April 2006, and continuing through in or about October 2007, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, knowingly persuaded, induced, enticed and coerced A.T., to travel in interstate and foreign commerce, and in any Territory or Possession of the United States, with the intent that A.T. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2422 and 2.

## COUNT XX - COERCION AND ENTICEMENT OF A MINOR TO TRAVEL FOR PURPOSE OF FOR PROSTITUTION

47. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. Beginning in or about April 2006, and continuing through in or about October 2007, in the District of Guam and elsewhere, SONG JA CHA and IN HAN CHA, the defendants, aiding and abetting each other, knowingly transported A.T., an individual who had not attained the age of 18 years, in interstate and foreign commerce, and in any possession and territory of the United States, with the intent that A.T. engage in prostitution and in sexual activity which would constitute a criminal offense under 9 Guam Code Annotated §28.30(a)(1), (b)(1) and 4.60.

All in violation of Title 18, United States Code, Sections 2423 and 2.

## COUNT XXI - FORFEITURE ALLEGATION

49. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through forty-eight (48) as if fully set forth herein.

50. Upon conviction of one or more of the offenses alleged in Counts 1 through 20 of this Indictment, defendants SONG JA CHA and IN HAN CHA, shall forfeit to the United States, pursuant to 18 U.S.C. § 1594(b), any property, real or personal, constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violations, and any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense. The property to be forfeited includes, but is not limited to:

**CASH PROCEEDS**

Approximately $250,543.44 in U.S. Currency, in that such sum in aggregate was received in exchange for the unlawful sex trafficking or foreign transportation for prostitution, or is traceable thereto.

51. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants SONG JA CHA and IN HAN CHA:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

18

All pursuant to Title 18, United States Code, Section 1594(b).

Dated this 23rd day of July 2008.

REDACTED

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

Approved:

By: _____
JEFFREY J. STRAND
First Assistant U.S. Attorney

19